**In re Petition for Prosecution of Alfred INGBER and James J. Harrington, Esq. for Criminal Contempt of Court.**

No. 89 Cr. # 1 pg. 4 (JMW).

United States District Court,
S.D. New York.

March 31, 1989.

———

Philip LeB. Douglas, Winthrop, Stimson, Putnam & Roberts, New York City, for plaintiff.

James J. Harrington, Haythe & Curley, New York City, for defendant.

Jeffrey B. Sklaroff, Asst. U.S. Atty., New York City.

 

## MEMORANDUM AND ORDER

WALKER, District Judge:

The above-referenced action is connected to a civil action, *Clifford Corp. v. Ingber,* 88 Civ. 3405, formerly before this Court. On March 27, 1989, this Court dismissed the civil action for want of jurisdiction, —— F.Supp. —— (1989). The present action was commenced on an *ex parte* basis by plaintiff's counsel in the form of an Order to Show Cause. The Court ordered Ingber and Harrington to show cause why they should not be held in criminal contempt of this Court. The Court set February 17, 1989, as the return date for the motion.

Expressing no view on the underlying merits of the motion, the Court referred this matter to the United States Attorney's Office for the Southern District of New York for its consideration. On February 14, 1989, that office informed the Court that it had "agreed to review the petition for criminal contempt sanctions brought by the plaintiff. Our agreement to review the matter does not reflect any factual or legal determination that prosecution for criminal contempt will or should be brought." [1] The Assistant U.S. Attorney assigned to the matter, Jeffrey B. Sklaroff, requested and received an additional thirty days to review the matter. Subsequently, he requested permission for his office to submit a letter during the week of March 27, 1989, setting forth the U.S. Attorney's view of this petition. The Court granted that request as well.

In the meantime, two things happened. First, the Court dismissed the civil action for lack of diversity between the parties. Second, the Court reviewed the papers submitted by plaintiff in support of its petition for criminal contempt. In this endeavor, the Court was afforded significantly more time than it had been allowed when the action was initiated in the form of an *ex parte* Order to Show Cause.

The Court then received the report from the Chief of the Criminal Division of the U.S. Attorney's office. In his letter of March 30, Denton concluded that

[a]fter conducting an investigation into [this matter], this office has determined that the facts as we understand them do not warrant a contempt prosecution of Mr. Ingber or Mr. Harrington, and we are therefore declining prosecution of this matter.

The Court's review of the documents leads it to the same conclusion. Moreover, the Court lacked jurisdiction to hear the civil dispute between these parties.

## CONCLUSION

Accordingly, the court hereby withdraws the Order to Show Cause previously entered in this matter. The above-referenced action, like its civil counterpart, is dismissed.

SO ORDERED.

---

**1.** *See* Letter to the Court from David W. Denton, Chief, Criminal Division, U.S. Attorney's Office, Southern District of New York.